UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH E. DUMONT, | No. 2:17-cv-1423 KJN P |
| Petitioner, | |
| v. | ORDER |
| D. BORDERS, | |
| Respondent. | |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both parties consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Respondent filed a motion to dismiss this action on the grounds that it was filed beyond the statute of limitations contained in 28 U.S.C. § 2244(d). Petitioner filed an opposition. (ECF No. 17.) Respondent did not file a reply.

On May 4, 2018, petitioner was granted an extension of time to file a supplemental opposition to support his claim that the case law relied upon by respondent was not available to petitioner at his prison. On May 24, 2018, petitioner filed his supplemental reply. Respondent did not file a further response.

As discussed below, the undersigned partially grants respondent's motion.

////

II. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. This statute of limitations provides that,

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody, pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1).

III. Chronology

1. On June 11, 2012, petitioner pled no contest to making criminal threats in El Dorado County Case No. P12CRF0264. (Respondent's Lodged Document ("LD") 1.) On October 4, 2013, petitioner was sentenced to a determinate state prison term of eight months, to run

consecutive to the nine-year term previously imposed in a previous case, El Dorado County Case No. P12CRF0251.[1]  (LD 1, 2.)

2. Petitioner filed an appeal.  On July 29, 2014, the California Court of Appeal affirmed the judgment.  (LD 2.)

3. Petitioner did not file a petition for review in the California Supreme Court.

4. On May 21, 2014,[2] petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  (LD 3.)  On August 13, 2014, the petition was denied by the California Supreme Court.  (LD 4.)

5. On July 31, 2014,[3] petitioner filed a petition for writ of habeas corpus in the El Dorado County Superior Court.  (LD 5.)  The petition was denied on August 14, 2014.  (LD 6.)

6. On July 20, 2014, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District.  (LD 7.)  On August 14, 2014, the petition was denied.  (LD 8.)

7. On October 30, 2014, petitioner filed a petition for writ of habeas corpus in the El Dorado County Superior Court.  (LD 9.)  The petition was denied on November 6, 2014, citing In re Clark, 5 Cal. 4th 750, 797 (1993).  (LD 10.)

8. On April 15, 2015, petitioner filed another petition for writ of habeas corpus in the El Dorado County Superior Court.  (LD 11.)  The petition was denied on April 22, 2015, citing In re Clark, 5 Cal. 4th 750, 797 (1993).  (LD 12.)

9. On February 16, 2017, petitioner filed a petition for resentencing under Proposition 47 in the El Dorado County Superior Court.  (LD 13.)  The petition was denied on March 28, 2017.

---

[1] Following jury trial, on July 25, 2013, petitioner was convicted of driving under the influence in Case No. P12CRF0251, and the trial court found petitioner in violation of probation based on such convictions.  (LD 1.)

[2] Unless otherwise indicated, petitioner's filings were given benefit of the mailbox rule.  See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (prisoners are entitled to the mailbox rule for both state and federal filings).

[3] Petitioner did not date the petition or the proof of service, so the filed date of July 31, 2014, is used.  (LD 5.)

3

(LD 14.)

10. On May 7, 2017, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (LD 15.) The petition was denied on August 9, 2017. (LD 16.)

11. On November 25, 2013, petitioner filed a prior federal petition for writ of habeas corpus in which he challenged the same 2013 conviction. Dumont v. Price, No. 2:13-cv-2541 CMK (E.D. Cal.) (ECF No. 1 at 7); (LD 17.) On April 3, 2017, the prior federal habeas petition was denied without prejudice based on petitioner's failure to exhaust state court remedies. Id. (LD 18.)

12. The instant federal petition was filed on July 4, 2017. (ECF No. 1 at 7.) Petitioner raises three grounds in his federal petition: (a) ineffective assistance of counsel and denial of translator to read 8 pages of unlawful plea; (b) involuntarily-induced admission (no contest) because petitioner had no glasses (blind in one eye), no interpreter to explain the waiver; was medicated for pain and had psychiatric issues; and (c) unlawful enhancement.

IV. Date Limitations Period Begins Running

Under 28 § 2244(d)(1)(A), the limitations period begins running on the date that petitioner's direct review became final or the date of the expiration of the time for seeking such review. Id. Here, the California Court of Appeal affirmed petitioner's judgment on July 29, 2014. The time to seek direct review expired on September 7, 2014, forty days later. See Cal. R. Ct. 8.366(a)(1); 8.500(e)(1). Thus, the one-year statute of limitations began running the next day, September 8, 2014. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Absent tolling, the limitations period expired on September 8, 2015.

V. Statutory Tolling

There is no statutory tolling of the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed. . . ." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). But when a petitioner properly files a state post-conviction application, the limitations period is tolled and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."

Artuz v. Bennett, 531 U.S. 4, 8 (2000). State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Petitioner bears the burden of showing facts entitling him to statutory tolling. Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002), overruled on other grounds by Pace, 544 U.S. 408, 418 (2005); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

### A. First Three State Petitions

Petitioner's first three petitions for writs of habeas corpus filed in state courts were all resolved on or before August 14, 2014. Such petitions did not toll the limitation period because they were all filed and denied before the AEDPA limitation period commenced on September 8, 2014, under § 2244(d)(1)(A); therefore, there was nothing to toll. See Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (state habeas petition filed and denied before effective date of petitioner's conviction "had no effect on the timeliness of the ultimate federal filing" because the limitations period had not yet started to run).

### B. Fourth & Fifth State Petitions

Respondent contends that petitioner is not entitled to statutory tolling for either the fourth or fifth state court petitions because both were denied with citations to In re Clark. (ECF No. 14 at 4.) Petitioner does not address respondent's argument. (ECF No. 17.)

Both rulings on petitioner's fourth and fifth petitions denied the petitions with a citation to In re Clark, 5 Cal.4th at 797. The Supreme Court made clear that "[w]hen a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Pace, 544 U.S. at 414. In addition, the Supreme Court held that a citation to In re Clark signals a habeas petition has been denied as untimely. Walker v. Martin, 562 U.S. 307, 310 (2011). See also Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005), amended, 439 F.3d 993 (9th Cir. 2006) (a petition denied as untimely is not properly filed and cannot toll the limitations period). An untimely state post-conviction petition is not considered "properly filed," and does not afford

5

the petitioner statutory tolling of the AEDPA statute of limitations. See 28 U.S.C. § 2244(d)(2); Pace, 544 U.S. at 414. "Under Pace, if a state court denies a petition as untimely, none of the time before or during the court's consideration of that petition is statutorily tolled." Bonner, 425 F.3d at 1149.

Because the fourth and fifth state court habeas petitions were denied with a citation to In re Clark, such petitions did not toll the statute of limitations, and the limitations period ran unabated until it expired on September 8, 2015. Petitioner filed the instant federal petition on July 4, 2017, over a year and nine months after the statute of limitations expired.

### C. Sixth and Seventh Petitions

The sixth and seventh petitions were filed in state court on February 16, 2017, and May 7, 2017, respectively, after the federal limitations period had expired. State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson, 321 F.3d at 823; Jiminez, 276 F.3d at 482.

### D. No Statutory Tolling

For the above reasons, the undersigned concludes that petitioner is not entitled to statutory tolling of the limitations period. The one-year statute of limitations period expired on September 8, 2015. Absent equitable tolling, this action is time-barred.

## VI. Prior Federal Habeas Petition

Petitioner filed a previous federal habeas petition challenging the same state court decision he challenges in the instant petition. No. 2:13-cv-2541 CMK. (LD 17-18.) However, the filing of a federal habeas petition does not toll the statute of limitations. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

## VII. Equitable Tolling

Petitioner seeks equitable tolling of the limitations period based on the death of his father in April of 2015, and subsequent death of his brother; extensions granted and delays in his prior federal habeas proceedings; a slip and fall accident he suffered on August 9, 2015, or September 10, 2015, resulting in a spine re-injury just after having it surgically decompressed, and was thereafter prescribed medications for bipolar disorder, depression, and anxiety, and placed on the

6

CCCMS[4] level of mental health care; transfers to prisons in Soledad and Chino; a toolbox tipped and "side swiped his back on August 9, 2016;" his wife died on May 2, 2017; and he was hit in the face by a tree on July 10, 2017. (ECF No. 17 at 3-4.) Petitioner argues that these "unforeseen disastrous events" constitute extraordinary circumstances warranting equitable tolling. (ECF No. 20 at 2.)

In his supplemental reply, petitioner claims he slipped and fell on August 16, 2015, and broke his jaw, but did not require surgery. (ECF No. 20 at 3.) He claims his brother-in-law, Richie Hall, died on July 15, 2016. (ECF No. 20 at 3.) In addition, his eyeglasses were broken on July 13, 2015, and again on July 5, 2017, and it took time for the glasses to be replaced. (ECF No. 20 at 4.) On July 12, 2017, petitioner was exposed to six-foot Russian thistle tumbleweeds, and was hospitalized for an allergic reaction. (ECF No. 20 at 5.)

Petitioner claims he has been diligent and timely, and could not "have filed any other way. The mixed confusion . . . is part of the manic ability." (ECF No. 17 at 4.) Petitioner provided 157 pages of exhibits, broadly identified as Exhibit A: medical records, accident reports, job-related injuries, doctor's diagnoses, and dates of impairment, and Exhibit B: alleged proof of petitioner's persistence, extensions by the state, delays by judge in prior habeas case, "show cause of father's death," "tolling extensions and refiling of 2nd-3rd-4th habeas [petitions]." (ECF No. 17 at 1.)

Respondent did not address the issue of equitable tolling in the motion, or file a reply.

"Equitable tolling may be available '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim.'" McMonagle v. Meyer, 802 F.3d 1093, 1099 (9th Cir. 2015) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)). "A petitioner who seeks equitable tolling of AEDPA's one-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." Luna v. Kernan, 784 F.3d 640, 646 (9th Cir. 2015) (citing Holland v.

---

[4] CDCR's Mental Health Services Delivery System Program Guide provides four levels of mental health care services: Correctional Clinical Case Management System ("CCCMS"); Enhanced Outpatient ("EOP"); Mental Health Crisis Bed ("MHCB") and inpatient hospital care. Coleman v. Brown, 2013 WL 6491529, at *1 (E.D. Cal. Dec. 10, 2013).

Florida, 560 U.S. 631, 649 (2010)). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." Holland, 560 U.S. at 653; see also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010). As to the extraordinary circumstances required, the Ninth Circuit has held that the circumstances alleged must make it impossible to file a petition on time, and that the extraordinary circumstances must be the cause of the petitioner's untimeliness. See Bills, 628 F.3d at 1097, citing Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).

"The threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted).

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) (petitioner must show that the external force caused the untimeliness). It is petitioner's burden to demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).

Here, the relevant time frame, for purposes of analyzing whether petitioner is entitled to equitable tolling, commenced on September 8, 2014, and ended on July 4, 2017, when petitioner filed his federal habeas petition. See Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (focusing on the period of petitioner's one-year statute of limitations in determining whether petitioner was entitled to equitable tolling), reh'g granted, opinion modified, 447 F.3d 1165 (9th Cir. 2006), cert. denied, 127 S. Ct. 979 (U.S. 2007); Leon v. Hedgpeth, 467 F. App'x 665, 666 (9th Cir. 2012).

////
////

A. <u>Extraordinary Circumstances</u>

Documents provided by petitioner reflect that on February 26, 2014, petitioner's TABE score was 9.6, and he was housed in the general population, assigned to the CCCMS level of care. (ECF No. 17 at 29.) It appears that petitioner has worked while in prison, from September 4, 2014, through and beyond March 11, 2016. (ECF Nos. 17 at 100; 20 at 38.) In his supplemental reply, petitioner states he has been in therapy from December 12, 2017, to April 15, 2018, and is not working, but "assigned to garage." (ECF No. 20 at 4-5.) But he provided a summary of his ADA/EC History, which states: "Work/Vocation/ PIA Group Work: A1, start date 3/11/2016; status: Fulltime; XGAR Auto Mechanic." (ECF No. 20 at 38.)

1. <u>Deaths of Family Members</u>

As to the death of petitioner's father in 2015,[5] such death fell within the critical time the limitations period was running. Petitioner's brother-in-law, Richie Hall, died on July 15, 2016, and petitioner's wife died in 2017, both after the limitations period expired. (ECF No. 20 at 3.)

However, the fact of a family death, although tragic, is not without more a basis for equitable tolling during the significant time period that petitioner must toll (over a year and a half) to render the instant petition timely. <u>Mayer v. Marshall</u>, 2009 WL 102809, at *3 (C.D. Cal. Jan. 12, 2009) (prisoner's father's murder insufficient to provide equitable tolling for significant period of delay); see <u>Chisholm v. Quarterman</u>, 2007 WL 4190804 *3 (S.D. Tex. 2007) ("Petitioner's lack of familiarity with the legal system, uncorroborated medical problems, lockdown and family death or illness does not amount to the rare and exceptional circumstances necessary for equitable tolling."). Petitioner makes no showing that his father's death made petitioner incapable of preparing and filing a timely habeas petition while the limitations period was running. Petitioner also fails to demonstrate that the death of his wife in 2017, or his brother-in-law in 2016, made it impossible to file a timely habeas petition.

////

---

[5] In this action, petitioner claims his father died in August of 2015. In his supplemental reply, petitioner states his father died on April 15, 2015. (ECF No. 20 at 3.) But in petitioner's prior habeas proceeding, he claimed his father died in late February of 2015. <u>Price</u>, No. 2:13-cv-2541 CMK (ECF No. 52 at 2).

9

## 2. Mental Health

It appears that petitioner also contends that his delay in filing his federal petition was the result of mental health issues. A sufficiently serious mental impediment may constitute an "extraordinary circumstance" beyond the petitioner's control for purposes of equitable tolling. Bills, 628 F.3d at 1097 ("[W]e . . . have long recognized equitable tolling in the context of a petitioner's mental illness."). Under the case law in this circuit, the court may apply equitable tolling when a petitioner demonstrates the following:

> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, . . . , by demonstrating the impairment was so severe that either
>
> (a) petitioner was unable rationally or factually to personally understand the need to timely file, or petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

Id. at 1099-1100 (citations omitted). In evaluating such a claim, "the district court must: (1) find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements." Id. at 1100-01. As to diligence, "the petitioner must diligently seek assistance and exploit whatever assistance is reasonably available." Id. at 1101. "[A] petitioner's mental impairment might justify equitable tolling if it interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance the petitioner does secure. The petitioner therefore always remains accountable for diligence in pursuing his or her rights." Id. at 1100.

////

Here, it is unclear petitioner suffered a sufficiently serious mental impediment during the relevant period because in his opposition, he claims that he was not diagnosed as bipolar and medicated for same until after he suffered a slip and fall in 2015. (ECF No. 17 at 2-3.) In his supplemental reply, he argues that his "accidents, as well as anxiety and depression . . . disable[d] [him] from August 2, 2012, to about August 1, 2017." (ECF No. 20 at 4.)

Yet some of the records provided by petitioner suggest he was on medication and assigned to the CCCMS level of care prior to August 9, 2015. For example, on November 4, 2012, it was noted that Rite Aid verified petitioner had been prescribed Effexor, an antidepressant, ostensibly before he was incarcerated. (ECF No. 17 at 49.) On October 16, 2013, petitioner was taking Tramadol and Elavil, drugs frequently prescribed for mental health issues. (ECF No. 17 at 13, 17.) On February 26, 2014, he was assigned to the CCCMS level of care. (ECF No. 17 at 29.)

But petitioner's allegations, even when taken as true, are inadequate to show that petitioner's mental impairment caused the delay in filing his current petition. Petitioner has alleged no facts demonstrating a causal connection between his mental illness and his inability to file a timely petition. Furthermore, petitioner fails to include any medical records or other evidence that would suggest that his mental impairment was so severe that it kept him from filing his federal habeas petition during the relevant period. Cf. Henderson v. Allison, 2012 WL 3292010, at *7-9 (E.D. Cal. Aug. 13, 2012) (reviewing numerous mental health records in assessing the petitioner's equitable tolling claim based on mental incompetence). Indeed, inmates designated to the CCCMS level of care "are those 'whose symptoms are under control or in partial remission'" and can function in the general prison population, administrative segregation, or segregated housing unit. Coleman v. Brown, 28 F. Supp. 3d 1068, 1074 (E.D. Cal. 2014). CCCMS is the lowest level of care for mentally ill inmates. See Steward v. Sherman, 2016 WL 3345308, at *3 (N.D. Cal. June 16, 2016). "Without any allegation or evidence of how petitioner's symptoms actually caused him not to be able to file despite his diligence, the court cannot find that he is entitled to equitable tolling." Taylor v. Knowles, 2009 WL 688615, at *6 (E.D. Cal. March 13, 2009), aff'd, 368 Fed. App'x 796 (9th Cir. 2010) (no equitable tolling where petitioner failed to show his auditory hallucinations, severe depression, and anxiety "actually

caused him not to be able to file despite his diligence"); see Henderson, 2012 WL 3292010 (denying petitioner's equitable tolling argument based on mental incompetence because petitioner made no allegations demonstrating a causal connection between petitioner's alleged depression and adjustment disorder and his inability to timely file a federal petition); see also Howell v. Roe, 2003 WL 403353, *4 (N.D. Cal. Feb. 20, 2003) (rejecting equitable tolling where petitioner's suicidal nature and depression did not make him mentally incompetent). Moreover, the fact that petitioner filed four state court petitions, and litigated his prior federal habeas proceeding, during the period for which he seeks tolling demonstrates that his mental illness did not, in fact, make filing impossible. See Brown v. McKee, 232 F.Supp .2d 761, 768 (E.D. Mich. 2002) (rejecting a claim that mental illness and use of prescribed psychotropic medication warranted equitable tolling where the petitioner was able to file several actions during period of alleged mental incapacitation, and explaining that "[t]he exceptional circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party who seeks the tolling has been able to pursue his or her legal claims during the period of his or her alleged mental incapacity"). Even if petitioner required the assistance of other inmates to file those petitions, the availability of such assistance and petitioner's apparent ability to use such assistance weigh against equitable tolling. See Bills, 628 F.3d at 1100-01.

For all these reasons, petitioner has not made a "good-faith allegation that would, if true, entitle him to equitable tolling" on the basis of his mental competency. Laws, 351 F.3d at 921. Therefore, further development of the record is not warranted. See Davis v. Farwell, 253 Fed. App'x 631, 632 (9th Cir. 2007) (distinguishing Laws, and denying the prisoner's request for an evidentiary hearing "to demonstrate in better fashion just how his below-average intelligence caused his untimely filing," reasoning that the petitioner had not made a "good-faith allegation that would, if true, entitle him to equitable tolling"), cert. denied, 552 U.S. 1286 (2008). Petitioner's assertion of equitable tolling should be rejected.

### 3. Other Medical Issues

Petitioner has sustained numerous accidents during the relevant time frame, yet fails to show how his injuries from such accidents prevented him from earlier filing his habeas petition.

Indeed, most of the accidents took place long after the limitations period expired. Moreover, "the mere existence of a physical ailment and the taking of medication are not alone sufficient to warrant equitable tolling." Lezine v. Singh, 2013 WL 1935360 (C.D. Cal. Feb. 25, 2013),[6] citing Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) ("the prisoner must show that the 'extraordinary circumstances' were the cause of his untimeliness" (citation omitted).) See also Lewis v. Warden, 2016 WL 8732467, at *3 (C.D. Cal. Apr. 5, 2016) (prison medical records showed prisoner "received treatment and surgery for chronic back pain and related conditions;" failed "to convincingly demonstrate that this treatment made it impossible for him to file a habeas action during [the relevant] time;" and the medical issues "all occurred between 2007 and 2010[,] . . . well after [the limitations] clock expired in 2005.") Here, petitioner similarly fails to show that any of his injuries sustained in these accidents prevented him from timely filing his federal habeas petition.

Importantly, despite petitioner's medical issues, he could file multiple petitions for writ of habeas corpus. "[T]he actual filing may loom large in the final tolling determination for it might ultimately show that he was not actually delayed at all." United States v. Battles, 362 F.3d 1195, 1198 n.5 (9th Cir. 2004); see also Gaston, 417 F.3d at 1034 (rejecting prisoner's argument that his physical and mental abilities constituted an "extraordinary circumstance" where he filed state habeas petitions both before and after the period in which he sought tolling, and he did not show that his condition was significantly worse during this interim time).

////

---

[6] In Lezine, the court found that the prisoner

> made no showing that his physical ailments or the taking of medications actually prevented him from filing his federal habeas petition within the deadline, nor do petitioner's medical records support such a finding. While the medical records show that petitioner suffers from a number of physical ailments, including back and shoulder pain and asthma, nothing in petitioner's medical records suggests that petitioner suffers from any diagnosed mental health condition, or that his physical ailments resulted in mental impairment such that it was impossible for him to file his federal habeas petition on time.

Id. at *4.

Petitioner filed a prior federal habeas petition on November 25, 2013, before the instant limitations period expired. Price, No. 2:13-cv-2541 CMK. Subsequently, petitioner filed four petitions in state court in 2014, and one in April 2015, all before the instant limitations period expired. Such filings demonstrate that petitioner could have filed a timely federal petition.

But even assuming, *arguendo*, that petitioner was credited with a six-week recovery period for his broken jaw in 2015, it would be insufficient. Gibbs v. Legrand, 767 F.3d 879 (9th Cir. 2014) (under the stop-clock approach, the statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier.) The clock would stop on the date petitioner broke his jaw, but would resume upon expiration of the six-week period. Thus, such additional tolling would not be sufficient to toll the over thirteen-month delay in bringing the instant action.

### B. Diligence

As set forth above, petitioner must also demonstrate he diligently pursued his rights throughout the relevant period. Luna, 784 F.3d at 646. The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." Holland, 560 U.S. at 653; see also Bills, 628 F.3d at 1096. Here, other than his statements concerning his diligence in his prior federal habeas action, discussed below, petitioner failed to provide any facts demonstrating his efforts to timely file a federal petition, or any efforts to obtain assistance in doing so.

### C. Delays in Prior Federal Habeas & Diligence Therein

Petitioner complains of delays incurred in his prior federal habeas proceeding. In his supplemental reply, petitioner argues that the court in his previous habeas case failed to notify petitioner "of the rub with two cases on one writ." (ECF No. 20 at 4.) Review of the prior habeas case docket reflects that the case was subject to significant delays; however, the bulk of the delays occurring during the critical time the limitations period was running in this case were due to petitioner failing to comply with court orders, including a failure to raise all of his claims and supporting evidence in one pleading. Indeed, on July 24, 2015, the district court issued an order

to show cause why the case should not be dismissed based on petitioner's failure to comply with court orders. No. 2:13-cv-2541 CMK (ECF No. 51). The contorted procedural history is set forth in detail in the August 12, 2015 order discharging the order to show cause. Id. (ECF No. 53 at 1-2.) Petitioner filed an amended pleading on August 18, 2015, and following one extension of time, the respondent filed a motion to dismiss on May 20, 2016. Id. (ECF No. 69.) By then, the limitations period had expired on petitioner's 2012 conviction in No. P12CRF0264.

In addition, in the April 3, 2017 order granting the motion to dismiss, the court set forth petitioner's options, found the petition was a mixed petition containing both exhausted and unexhausted claims, and identified a "potentially cognizable exhausted claim . . . only to the extent petitioner is attempting to directly challenge the constitutionality of the no-contest plea entered in case no. P12CRF0264." No. 2:13-cv-2541 CMK (ECF No. 78 at 6.) Then, because the petition was a mixed petition and petitioner had not sought a stay-and-abeyance order, the court dismissed the petition without prejudice. Id. On May 4, 2017, under the mailbox rule, petitioner sought leave, post-judgment, to proceed on the potentially cognizable exhausted claim. (ECF No. 82.) On June 23, 2017, the court denied the motion to proceed on the exhausted claim without prejudice to raising such claim in a newly-filed petition. Id. (ECF No. 84.) In a footnote, the court stated that petitioner had the opportunity to seek a stay, but chose not to, noting the court was not required to consider a stay *sua sponte*. Id. at 2 n.1. On July 4, 2017, petitioner filed the instant federal petition again raising the potentially cognizable exhausted claim, but also including two other claims.

But after review of petitioner's prior federal habeas, No. 2:13-cv-2541, the undersigned is concerned about issues of fundamental fairness. First, the court has an obligation to give liberal construction to the filings of pro se litigants. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (noting that the Ninth Circuit has a "policy of liberal construction in favor of pro se litigants").

Second, despite petitioner's continued reference to multiple convictions, as well as his admitted mental impairment and the fact he was proceeding without benefit of counsel, at no point was petitioner advised that he must challenge different convictions in separate actions. Id.,

*passim*. Rule 2(e) of the Rules Governing Section 2254 Cases ("Habeas Rules") provides that "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Id. Thus, a petitioner cannot properly challenge the judgments of two different tribunals in a single proceeding. Bianchi v. Blodgett, 925 F.2d 305, 308-11 (9th Cir. 1991). In the order granting the motion to dismiss, the court clearly identified both convictions, but did not address Rule 2(e). (ECF No. 78.)

Third, although a court is not required to *sua sponte* consider whether a petitioner should seek a stay, the record reflects that on August 18, 2014, under the mailbox rule, petitioner did file a request that the court construed as his request to stay consideration of the case pending exhaustion. No. 2:13-cv-2541 (ECF No. 33, 38 at 2.) Yet, the court denied the request for stay on October 30, 2014, as moot. (Id., ECF No. 38 at 2.) Moreover, the denial was based on documents submitted by petitioner, which included the state superior court's order explaining that petitioner had three criminal cases in El Dorado County, identifying No. P12CRF0264 as the case where petitioner pled to one count of criminal threats, and No. P12CRF0521 as the case where petitioner was convicted by jury of driving under the influence. (ECF No. 35 at 6-7.) Such documents clarified that petitioner was attempting to challenge two separate convictions in one action, and that petitioner had exhausted at least one claim in No. P12CRF0264. Indeed, as it turns out, petitioner had exhausted his challenge to the constitutionality of his plea in the California Supreme Court on August 13, 2014, before the relevant statute of limitations period began running. If petitioner had been advised by at least October 30, 2014, that he must challenge the conviction in No. P12CRF0264 in a separate action, petitioner would have had an opportunity to file a timely petition raising such claim. Or, in the alternative, rather than dismiss the entire case, the court could have dismissed the unexhausted claims and permitted petitioner to proceed on his exhausted claim in No. P12CRF0264, just as petitioner requested (ECF No. 84, addressing ECF No. 82).

Fourth, petitioner was also diligent in attempting to pursue his exhausted claim. On April 3, 2017, the prior federal habeas was dismissed; petitioner filed his request to proceed with the exhausted claim on May 4, 2017. Price, 2:13-cv-2541 CMK (ECF Nos. 78, 82). Petitioner's

request to pursue his exhausted claim in his prior federal habeas case was denied on June 22, 2017 (id. (ECF No. 84), and petitioner filed the instant action on July 4, 2017, under the mailbox rule. In addition, he appended a copy of the order to his original petition. (ECF No. 1 at 8-9.)

Accordingly, the undersigned finds that petitioner should be granted equitable tolling as to his claim identified as "ground two" in his prior federal habeas proceeding, 2:13-cv-2541 CMK (ECF No. 56 at 7, 24-25). Although the court did not affirmatively mislead petitioner, the failure to inform petitioner, early on, that he must challenge different convictions in separate actions, misled petitioner by omission, and delayed his opportunity to timely challenge his conviction in No. P12CRF0264. Review of the record demonstrates that petitioner was perhaps over-diligent, filing multiple supplements and amended pleadings. But despite his multiple references to his convictions in two different cases, the differences highlighted by his plea in one, and jury trial in another, and ultimately clarified by his submission of the El Dorado County Superior Court's order identifying the two convictions, the court failed to inform petitioner concerning Rule 2(e). This court finds that the failure to inform petitioner that he was required to challenge different convictions in separate actions as required by Rule 2(e) was an external force outside petitioner's control that entitles him to equitable tolling.

### 6. Equitable Tolling for Ground Two Only

For all the reasons discussed above, the undersigned finds that petitioner should be granted equitable tolling for a portion of the delay incurred in his prior federal habeas proceeding, but only as to the claim that his plea entered in No. P12CRF0264 was coerced or involuntary due to his blindness, medication, and alleged diminished capacity (identified as ground two). Petitioner is not otherwise entitled to equitable tolling because his other claims were not exhausted at that time.

Accordingly, respondent's motion to dismiss the petition as barred by the statute of limitations should be partially granted. Grounds one and three are dismissed, and petitioner is granted leave to file an amended petition in which he raises only the arguments included in ground two of his amended petition filed on August 18, 2015, in No. 2:13-cv-2541 CMK (ECF No. 56 at 7, 24-25). The Clerk of the Court is directed to send petitioner a copy of those pages.

Petitioner is cautioned that he must file an amended petition on the court's form petition, challenging only the 2012 criminal threats conviction in El Dorado County Superior Court No. P12CRF0264, and raising only the arguments included in ground two of the operative petition filed in No. 2:13-cv-2541 CMK (ECF No. 56 at 7, 24-25). Official records of state court proceedings have been lodged with the court; therefore, petitioner shall file no copies of such records with his amended petition. Further, petitioner shall include no other grounds or claims, and he shall not refer to any other conviction. The sole issue in this action going forward is whether petitioner's no contest plea was coerced or involuntary based on the reasons petitioner set forth in ground two of his amended petition filed in No. 2:13-cv-2541 CMK (ECF No. 56 at 7, 24-25).

IX. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (ECF No. 14) is granted in part:

    A. Petitioner's first and third claims are dismissed as barred by the statute of limitations;

    B. Petitioner is granted equitable tolling to pursue his second claim that his guilty plea was involuntary or coerced;

2. The petition is dismissed, and petitioner is granted thirty days in which to file an amended petition raising only ground two, as identified above; the amended petition must be filed on the court's form for filing a petition for writ of habeas corpus.

3. The Clerk of the Court is directed to send petitioner:

    A. The form for filing a petition for writ of habeas corpus; and

    B. A copy of pertinent pages from the operative petition filed in No. 2:13-cv-2541 CMK, specifically ECF No. 56 at 7, 24-25.

Dated: June 5, 2018

/dumo1423.mtd.hc.sol

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE