UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH E. DUMONT,<br><br>Petitioner,<br><br>v.<br><br>D. BORDERS,<br><br>Respondent. | No. 2:17-cv-1423 KJN P<br><br><br><br>ORDER |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both parties consented to proceed before the undersigned for all purposes. See 28 U.S.C. Section 636(c). Petitioner challenges his 2012 criminal threats conviction on the grounds that his no contest plea was coerced or involuntary because at the time he entered his plea he had no reading glasses and he was medicated. (ECF No. 24 at 4.) After review of the record, this court concludes that the petition should be denied.

II. Procedural History

On June 11, 2012, in El Dorado County Superior Court No. P12CRF0264, petitioner pled no contest to charges of making criminal threats. (Respondent's Lodged Document ("LD") 1.)

On November 6, 2012, violation of probation proceedings were initiated. (Clerk's Transcript ("CT") 22.)

1

On October 4, 2013, petitioner was sentenced to a determinate state prison term of eight months, to run consecutive to a nine-year term imposed in No. P12CRF0251, also in El Dorado County Superior Court. (LD 1.)

Following such plea, petitioner filed a brief under People v. Wende, 25 Cal. 3d 436 (1979),[1] in the California Court of Appeal, Third Appellate District. On July 29, 2014, the state appellate court found no error and affirmed the judgment. (LD 2.) Petitioner did not file a petition for review.

On May 21, 2014, petitioner filed a petition for writ of habeas corpus in the California Supreme Court.[2] (LD 3.) On August 13, 2014, the petition was denied. (LD 4.) Petitioner filed a second petition for writ of habeas corpus in the California Supreme Court on May 7, 2017. (LD 15.) On May 7, 2017, the California Supreme Court found the second petition was procedurally barred. (LD 16.)

Petitioner filed his amended petition in this action on June 14, 2018. (ECF No. 24.) Respondent filed an answer; petitioner did not file a reply.

III. Facts[3]

In its unpublished opinion affirming petitioner's judgment of conviction on appeal, the California Court of Appeal for the Third Appellate District provided the following factual summary and procedural history:

> At approximately 12:30 a.m. on May 9, 2012, officers were dispatched to defendant's residence in response to a disturbance call. Defendant had been intoxicated, yelling and screaming, and threatening to "slit [his wife's] throat and kill her." Defendant was charged with making criminal threats and it was alleged he served a prior prison term. (Pen. Code, §§ 422, 667.5.)

---

[1] A Wende brief sets forth the facts of the case and asks the state appellate court to review the record and determine whether there are any arguable issues on appeal. Id.

[2] Petitioner filed multiple petitions in the lower California courts, all of which were denied. (LD 5-12.) In addition, petitioner unsuccessfully petitioned for resentencing under Proposition 47. (LD 13.)

[3] The facts are taken from the opinion of the California Court of Appeal for the Third Appellate District in People v. Dumont, No. C074937 (July 29, 2014), a copy of which was lodged by respondent as LD 2.

People v. Dumont, 2014 WL 3728184 (July 29, 2014) (LD 2.)

IV. Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. Thompson v. Runnels, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing Greene v. Fisher, 132 S. Ct. 38, 44-45 (2011)); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." Marshall v. Rodgers, 133 S. Ct. 1446, 1450 (2013) (citing Parker v. Matthews, 132 S. Ct. 2148, 2155 (2012) (per curiam)). Nor may it be used to "determine whether a particular rule of law is so

3

widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct. Id. Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. Carey v. Musladin, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[4] Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams v. Taylor, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. at 411. See also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its 'independent review of the legal question,' is left with a '"firm conviction"' that the state court was '"erroneous."'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." Richter, 562 U.S. at 103.

---

[4] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." Stanley, 633 F.3d at 859 (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

4

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (*en banc*) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (*en banc*). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, 568 U.S. 289, (2013) (citing Richter, 562 U.S. at 98). If a state court fails to adjudicate a component of the petitioner's federal claim, the component is reviewed de novo in federal court. Wiggins v. Smith, 539 U.S. 510, 534 (2003).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. Where no

reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. Stancle v. Clay, 692 F.3d 948, 957 & n.3 (9th Cir. 2012). While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98. This court "must determine what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Id. at 101. The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006).

V. Petitioner's Claim

Petitioner claims that his no contest plea was coerced or involuntary because at the time he entered his plea he had no reading glasses and he was medicated. (ECF No. 24 at 4.) In the petition filed in state court, petitioner contended that his defense attorney had petitioner sign a plea agreement petitioner could not read. (LD 3 at 3.) Petitioner argued that his defense counsel "failed to read the strike waiver forms" to petitioner, and that petitioner "could not see to comprehend [the] waiver" because he had just broken his glasses. (LD 3 at 3.) Petitioner stated that he freely initialed the form "because of the diminished capacity of just being beat and still healing from [his] adult stepson's beating" on May 28, 2012. (LD 3 at 3.) Petitioner also claimed that the jail "cut" his "mood stabilizer medication Effexor and Norco for spinal injuries." (Id.)

The California Supreme Court denied petitioner's claim without comment. (LD 4.) Because there is no reasoned rejection of petitioner's claim by a state court, this court

6

independently reviews the record to determine whether the state court's denial of petitioner's claim was objectively unreasonable.

### Standards Governing a Guilty Plea[5]

A guilty plea must be knowing, intelligent and voluntary. <u>Brady v. United States</u>, 397 U.S. 742, 748 (1970); <u>Boykin v. Alabama</u>, 395 U.S. 238, 242 (1969). "The voluntariness of [a petitioner's] guilty plea can be determined only by considering all of the relevant circumstances surrounding it." <u>Brady</u>, 397 F.2d at 749. In <u>Blackledge v. Allison</u>, 431 U.S. 63 (1977), the Supreme Court addressed the presumption of verity to be given the record of plea proceeding when the plea is subsequently subject to a collateral challenge. While noting that the defendant's representations at the time of his guilty plea are not "invariably insurmountable" when challenging the voluntariness of his plea, the Supreme Court stated that, nonetheless, the defendant's representations, as well as any findings made by the judge accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings" and that "[s]olemn declarations in open court carry a strong presumption of verity." <u>Id.</u> at 74. <u>See</u> <u>also</u> <u>Marshall v. Lonberger</u>, 459 U.S. 422, 437 (1983) (plea presumed valid in habeas proceeding when pleading defendant was represented by counsel); <u>Little v. Crawford</u>, 449 F.3d 1075, 1081 (9th Cir. 2006); <u>Chizen v. Hunter</u>, 809 F.2d 560, 561 (9th Cir. 1986).

In <u>Boykin</u>, the United States Supreme Court held that the record must affirmatively show that a criminal defendant's guilty plea is intelligent and voluntary. 395 U.S. at 242-43. In that case, the judge taking the plea had asked no questions of petitioner concerning his guilty plea and petitioner did not address the court. The Supreme Court concluded the record must reflect that a criminal defendant pleading guilty understands, and is voluntarily waiving, his rights to the privilege against compulsory self-incrimination, to trial by jury and to confront one's accusers and that the court would not presume such a waiver from a silent record. <u>Id.</u> In <u>Brady</u> the court, citing <u>Boykin</u>, upheld a guilty plea as voluntary and intelligent even though the defendant had not

---

[5] Under California law, a plea of no contest has the same effect as a plea of guilty in the context of the criminal proceedings. <u>See, e.g.</u>, <u>People v. West</u>, 3 Cal. 3d 595 (1970). Accordingly, federal constitutional principles governing guilty pleas apply to petitioner's claims in the instant case. <u>Miller v. McCarthy</u>, 607 F.2d 854, 856 (1979).

7

been specifically advised of the three rights discussed in Boykin. The court in Brady clarified the holding of Boykin by stating, "the new element added in Boykin was the requirement that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily." 397 U.S. at 747-48 n.4. Thus, specific articulation of the Boykin rights "is not the sine qua non of a valid guilty plea." Wilkins v. Erickson, 505 F.2d 761, 763 (9th Cir. 1974). Rather, if the record demonstrates that a guilty plea is knowing and voluntary, "no particular ritual or showing on the record is required." United States v. McWilliams, 730 F.2d 1218, 1223 (9th Cir. 1984). Finally, the Due Process Clause does not impose on a state court the duty to establish a factual basis for a guilty plea absent special circumstances, such as "a specific protestation of innocence." Rodriguez v. Ricketts, 777 F.2d 527, 528 (9th Cir. 1985).

Discussion

After a review of the record in this case, the undersigned concludes that petitioner's plea of no contest was voluntarily made, with knowledge of the consequences thereof, and was not coerced. On June 11, 2012, petitioner, through counsel, signed and filed a plea waiver (felony) form. (CT 27-33.) Such form, which petitioner signed and initialed, advised petitioner of his right to a preliminary hearing and a speedy and public trial, the right to confront the witnesses against him, the right to obtain witnesses for his defense, the right against self-incrimination and the right of appeal. (CT 28-29.) Petitioner specifically gave up those rights by initialing the form. (Id.) The form also advised petitioner regarding the particulars of his sentence and the ramifications of his plea, including that his crime is a serious or violent felony, which is a strike under California's Three Strikes Law. (CT 28-30, 32.) Petitioner acknowledged on the form that he understood these matters, including that if he later commits any felony, he would "be subject at that time, depending on the number of strikes I have, to a mandatory state prison sentence of twice the term otherwise provided or a term of at least 25 years to life." (Id.)

Importantly, petitioner acknowledged he is "able to read and understand English," and that at the time he made such declaration, he was "not under the influence of alcohol, any drug, or medication that would affect [his] ability to understand [his] entry of this plea." (CT 27.)

8

Petitioner also acknowledged on the form that "no one has made any promises or representations to me of a lesser sentence, probation, reward, immunity, or any other advantage of any kind, for myself or anyone else, other than what's stated in this declaration, in order to get me to plead guilty or no contest." (CT 33.) Petitioner specifically acknowledged on the form that no one threatened him "or anyone near or dear to" him, to get petitioner to change his plea. (CT 33.)

Also, on the plea agreement form, petitioner's defense attorney declared that he personally observed petitioner initial, date and sign the declaration, and had discussed "the charge(s), nature of the charge(s), facts, defenses, and possible consequences with the [petitioner], and concurred in petitioner's plea of guilty or nolo contendere." (CT 33.) Finally, the state court judge signed the plea form on June 11, 2012, finding that petitioner was fully informed of his constitutional rights and the consequences of his plea and that petitioner knowingly, intelligently, and voluntarily waived his rights. (CT 34.)

On the same day petitioner signed the plea form, June 11, 2012, the state court held a hearing, at which petitioner confirmed his willingness to enter a plea of no contest to the felony violation of § 422 of the Penal Code. (RT 1.) Petitioner admitted that he read, initialed, signed, and understood the waiver of rights form. (RT 2.) The court cautioned petitioner that if he was admitted to probation for three years but then violated such probation, petitioner could be ordered to serve a prison term of up to three years, and petitioner agreed that he understood. (RT 2.) The state court, having observed petitioner, made the factual finding that petitioner was "making a knowing, intelligent and voluntary waiver of his rights," and permitted petitioner to withdraw his previous not guilty plea. (RT 2.) Petitioner then entered a plea of no contest. (RT 2.) Following such plea, petitioner's defense counsel stated:

> I'll just add that he also understands that the Penal Code 422 is a felony, is a strike offense under California Three Strikes Law. He has no prior strikes on his record so he understands the circumstance and how that can affect him in the future if he were to offend and commit some other felony possibly.

(RT 5.) The state court judge responded:

> Yes. You filled out that portion of the waiver form. It is what we call a strike. That would double the term you would have to serve if you committed some new offense and can add substantially to any

9

|   |   |
|---|---|
| 1 | time you would have to serve if you re-offend, so don't re-offend. |
| 2 | (RT 5.) Petitioner responded, "Yes." (RT 5.) The minute order from the June 11, 2012 hearing |
| 3 | in state court also confirmed that petitioner "understands this is a strike offense." (CT 22.) |
| 4 | Subsequently, at a hearing on petitioner's motion to withdraw his no contest plea,[6] |
| 5 | petitioner's defense counsel testified he could not recall whether or not petitioner had his glasses |
| 6 | at the time he signed the plea form. (RT 12.) However, defense counsel also testified that he |
| 7 | personally went over the terms of the plea agreement with petitioner, including the nature of the |
| 8 | strike petitioner was admitting, in exchange for less time in custody. (RT 11-12.) Defense |
| 9 | counsel explained that when petitioner entered his plea, there were two offers on the table: first, |
| 10 | he could plead to a criminal threat as a strike and serve ninety days in county jail, or, second, he |
| 11 | could plead to a misdemeanor threat and serve one year in jail. (RT 11.) Defense counsel |
| 12 | testified that petitioner "indicated that he wished to plead to the charge of a felony in order to be |
| 13 | released sooner than later." (RT 11.) Defense counsel's notes in his file supported his testimony |
| 14 | that he discussed the pros and cons of these options with petitioner, and counsel explained that his |
| 15 | note -- "'strike issues' dash 'deal with the devil'" -- referred to strike offense because petitioner |
| 16 | was "taking the risk of having a strike offense and having to not violate in the future. . . ." (RT |
| 17 | 12.) The trial court denied the motion to withdraw based on petitioner's failure to present clear |
| 18 | and convincing evidence that the motion should be granted. (RT 14.) |
| 19 | Thus, the record reflects that petitioner made a voluntary and intelligent choice to plead no |
| 20 | contest to the reduced charges against him. He voluntarily waived his rights to a jury trial, to |
| 21 | confront his accusers and his right against self-incrimination. See Boykin, 395 U.S. at 243. |

---

[6] On December 11, 2012, petitioner filed a motion to withdraw his plea, claiming "he was not informed of the full nature and consequences of his plea at the time it was entered, that defendant could not read the Change of Plea & Waiver form due to partial blindness, and by duress caused by being beat by his wife's adult son." (CT 53.) On February 25, 2013, petitioner's new defense attorney filed a second motion to withdraw the plea, arguing petitioner "was not informed of the full nature and consequences of his plea at the time it was entered and that the plea was entered based on misinformation provided by defendant's counsel and that defendant was denied ineffective assistance of counsel." (CT 62; 64-67; 68-70.) The prosecution opposed the motion, arguing it was untimely, was filed after defendant reoffended, and that the record did not support defendant's position. (CT 76.)

Further, petitioner had notice of the nature of the charges against him. See Lonberger, 459 U.S. at 436 (in order for a plea to be voluntary, an accused must receive notice of the nature of the charge against him, "the first and most universally recognized requirement of due process") (quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941)). The record also demonstrates that petitioner's defense attorney explained the charges to petitioner, and also discussed the pros and cons of both offers pending at the time. The "constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel." Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (defendant was properly informed of the nature of the charges because defense counsel "represented on the record that they had explained to [defendant] the elements of the aggravated murder charge [and because defendant] himself then confirmed that this representation was true."). Although petitioner now contends that he could not read the plea form or understand the plea for various reasons, the record reflects that petitioner took the strike offer because he wanted to get out of jail earlier. As argued by respondent, even if petitioner was unable to read the plea agreement because he had broken his glasses, the fact that defense counsel explained the terms of the plea to petitioner is sufficient to demonstrate petitioner knowingly entered into the plea agreement. As to petitioner's claim that he was suffering some sort of diminished capacity due to medication, he fails to present any evidence to support such claim, and in any event, it is likely the state court reasonably relied on petitioner's statement in the written plea agreement. (CT 27.)

For all of the foregoing reasons, petitioner is not entitled to relief on his claim that his plea of no contest was coerced or involuntary. The state court's decision was not contrary to, or an unreasonable application of, clearly established Supreme Court authority.

VI. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that petitioner's application for a writ of habeas corpus is denied.

Dated: November 15, 2018

/dumo1423.157.nc

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1